# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-007-RJC-DCK

| | |
|---|---|
| HUBERT REAPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RAY MABUS, ) | |
| Secretary of the Navy, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Stay Discovery Or, In The Alternative, For Rule 26(c)(1) Protective Order" (Document No. 24) filed July 6, 2016. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion.

Hubert Reape ("Plaintiff" or "Reape") initiated the instant action with the filing of a "Complaint" (Document No. 1) on January 6, 2016. By his Complaint, Plaintiff requests "review of an administrative decision denying Plaintiff's claim for change to his discharge status pursuant to 10 U.S.C. § 1552." (Document No. 1, p.1). Plaintiff filed a similar action on April 2, 2015, Reape v. Mabus, 3:15cv140-RJC-DSC, that was "remanded to the Department of the Navy in order to allow full consideration to the various claims asserted by Plaintiff" on July 20, 2015.

In this case, "Defendant's Motion For Summary Judgment" (Document No. 9) and "Answer" (Document No. 10) were filed on May 12, 2016. On May 26, 2016, Plaintiff filed his own "Motion For Summary Judgment" (Document No. 12). These pending dispositive motions

are now ripe for disposition, and will be determined by the presiding District Judge, the Honorable Robert J. Conrad, Jr., in due course.

The parties filed their "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 15) on June 1, 2016. The parties' filing proposes limited discovery, but also states that the parties expect this matter to be resolved by cross motions for summary judgment. (Document No. 15). To date, the Court has not entered a "Pretrial Order And Case Management Plan."

The undersigned notes that the Local Rules of this Court allow for "consensual discovery at any time," but "Court enforceable discovery does not commence until the issues have joined <u>and</u> a Scheduling Order is entered." Local Rule 16.1(F). Pursuant to the Local Rules, it is unclear that the pending "Motion To Stay…" is necessary; nevertheless, the undersigned will grant the motion. As such, Defendant will not be required to participate in discovery prior to entry of a "Pretrial Order And Case Management Plan," which will most likely be issued, if at all, following disposition of the parties' cross motions for summary judgment.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Stay Discovery Or, In The Alternative, For Rule 26(c)(1) Protective Order" (Document No. 24) is **GRANTED, as described herein**.

**SO ORDERED**.

Signed: August 8, 2016

David C. Keesler
United States Magistrate Judge