# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-00007-RJC-DCK

| | |
|---|---|
| HUBERT REAPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| RAY MABUS, Secretary of the Navy, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant Secretary of the Navy[1] Ray Maybus' ("Defendant") Motion for Summary Judgment, (Doc. No. 9); Plaintiff Hubert Reape's ("Plaintiff") Motion for Summary Judgment, (Doc. No. 12); and the memoranda and exhibits submitted in support of and in opposition to each motion. For the reasons stated below, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## I.    BACKGROUND

This case is the latest episode of Plaintiff's attempt to upgrade his discharge status from the United States Marine Corps. On September 15, 1983, Plaintiff was discharged from the Marine Corps as "Other than Honorable," but seeks to be upgraded to "Honorable" or "General Under Honorable Conditions." (Doc. 1 at 5). Specifically, Plaintiff challenges the denial of his request for upgrade by the Board of Correction of Naval Records ("BCNR") because the decision was not sufficiently clear regarding its findings and conclusions, failed to make

---

[1]    As of January 20, 2017, Sean Stackley is the Acting Secretary of the Navy. See http://www.navy.mil/navydata/bios/navybio.asp?bioID=477.

determinations necessary to resolve Plaintiff's request for a discharge upgrade, made findings that are not supported by substantial evidence, and involved the review of unfairly prejudicial material that was not provided to Plaintiff. (Doc. No. 12-1)

As an 18-year old in 1980, Plaintiff enlisted in the Marine Corps for a term of four years of active service. (Doc. No. 7 to 7-12: Administrative Record ("A.R.") at 27). Plaintiff's term was cut short due to his discharge after just over three years in service, during which Plaintiff received several commendations. (Id.). Notwithstanding the commendations, Plaintiff also received four non-judicial punishments ("NJPs") for violations of the Uniform code of Military Justice during his service. (Id. at 209).

First, on July 9, 1980, Plaintiff received an NJP for failing to obey a lawful order. (Id. at 209). Second, on August 26, 1981, Plaintiff received an NJP for failure to go to his appointed place of duty. (Id.). Third, on September 22, 1981, Plaintiff received an NJP for absenting himself from the U.S.S. Ponce, LPD-15 and for carrying a concealed weapon, brass knuckles. (Id.). Fourth, on September 29, 1981, Plaintiff received an NJP for having knowledge of and failing to report another sailor who was in possession of illicit drugs. (Id.). Additionally, Plaintiff was counseled repeatedly due to his repeated NJPs. On January 9, 1982, August 18, 1982, and June 15, 1983, Plaintiff was counseled for his misconduct and informed of the potential consequences for his misconduct, including disciplinary action, administrative separation, judicial proceedings, and discharge status consequences. (Id. at 207).

Finally, in May 1983, Plaintiff was found guilty of the wrongful use of marijuana during a summary court martial proceeding. (Id. at 68). On August 22, 1983, Plaintiff's commanding officer notified him that the Plaintiff was going to be recommended for administrative separation and could receive an Other Than Honorable discharge. (Id. at 142). As part of the separation

process, Plaintiff repeatedly acknowledged and waived his rights to counsel and to an administrative board hearing. (Id. at 143). On September 15, 1983, Plaintiff was discharged under Other Than Honorable conditions. (Id. at 27).

Almost 28 years later, on July 11, 2011, Plaintiff requested that the BCNR upgrade his discharge status based on his post-service conduct. (Id. 117). The BCNR denied this request on April 18, 2012. (Id. at 112–13). Over a year later, Plaintiff submitted a second request to the BCNR. (Id. at 18–26). Plaintiff modified his argument, contending that changes in Marine Corps policy had an unjust impact and were not communicated to him, errors in the discharge process existed, and Plaintiff's drug use should be viewed more leniently due to the impact of Plaintiff's service in Beirut. (Id.). On September 2, 2014, the BCNR again denied Plaintiff's request, stating that Plaintiff did not submit "any material evidence or other matter not previously considered by the Board." (Id. at 4).

Plaintiff then instituted a civil suit before this Court on April 2, 2015, which was eventually remanded at the joint request of the parties on July 20, 2015. Reape v. Mabus, No. 3:15-CV-00140-RJC-DSC (filed Apr. 2, 2015). According to the supplemental record Defendant submitted, Defendant agreed to remand the case because Plaintiff "was denied reconsideration by someone in BCNR without proper authority." (Doc. No. 22 at 8). The improper denial referred to is the September 2, 2014 letter signed by Brian George. (Id. at 10). On September 22, 2015, the BCNR issued a letter to Plaintiff denying his request that it upgrade his discharge status. (A.R. at 1–3). The letter stated that the BCNR considered Plaintiff's complaints and allegations, but "concluded these factors were not sufficient to warrant relief in your case because of the seriousness of your repetitive misconduct, which included drug abuse, and because there is sufficient evidence in the record that is contrary to your allegations." (Id. at 3).

Plaintiff filed his complaint in the current suit on January 6, 2016, seeking judicial review of the BCNR's September 22, 2015 decision. (Doc. No. 1). Plaintiff alleges that Defendant violated the Administrative Procedure Act ("APA"), due process, and BCNR regulations, and that Defendant has unreasonably withheld and delayed Plaintiff's discharge upgrade. (Id. at 3–5). On May 12, 2016, Defendant filed his Motion for Summary Judgment. (Doc. No. 9). On May 26, 2016, Plaintiff filed his Motion for Summary Judgment. Both parties timely filed response and reply memoranda. (Doc. Nos. 14, 18, 19, and 23). The cross motions for summary judgment are ripe for adjudication.

II. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). The party moving for summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

In the context of reviewing an administrative agency's decision, "a motion for summary judgment 'stands in a somewhat unusual light, in that that administrative record provides the complete factual predicate for the court's review.'" Chan v. U.S. Citizenship and Immigration Servs., 141 F. Supp. 3d 461, 464 (W.D.N.C. 2015) (citations omitted). Section 706 of the APA

limits a court's role to "decid[ing] all relevant questions of law, interpret[ing] constitutional and statutory provisions, and determin[ing] the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706 (2015). In other words, "it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas 'the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'" Sierra Club v. Mainella, 459 F. Supp. 2d 76, 90 (D.D.C. 2006) (citing Occidental Eng'g Co. v. Immigration & Naturalization Service, 753 F.2d 766, 769–70 (9th Cir. 1985); Nw. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1472 (9th Cir. 1994)). "Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." Id. (citations omitted). Furthermore, military decisions receive "great deference" due to the differences in military and civilian decisions and the relevant expertise. See Rostker v. Goldberg, 453 U.S. 57, 65 (1981); Berry v. Bean, 796 F.2d 713, 716 (4th Cir. 1986). This deference creates "an unusually deferential application of the 'arbitrary and capricious' standard." Kreis v. Air Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

### III. DISCUSSION

Plaintiff generally argues that the BCNR's decision to deny him a discharge upgrade violated his due process rights, the APA, and the rules governing the BCNR. (Doc. No. 12-1 at 1). Plaintiff specifically suggests that the decision is not sufficiently clear regarding its findings and conclusions, the decision makes findings that are not supported by substantial evidence, Defendant's process involved review of material that was unfairly prejudicial, and Defendant reviewed information that was not provided to Plaintiff. (Id. at 5). Defendant contests that the

BCNR decision was in full accordance with the APA and did not violate Plaintiff's due process rights. (Doc. No. 9-1 at 9–17).

A court may "hold unlawful and set aside agency action, findings and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; . . . [or] without observance of procedure required by law." among other things. 5 U.S.C. § 706(2)(A–B, D); see Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Eng'r, 828 F.3d 316, 321 (4th Cir. 2016). Specifically, decisions by the BCNR are subject to such judicial review. See Chappell v. Wallace, 462 U.S. 296, 303 (1983). Although the court must conduct a careful review of the agency's decision, "the ultimate standard of review is a narrow one." Marsh v. Oregon Nat. Res. Council, et al., 490 U.S. 360, (1989) (citation omitted). Moreover, "[r]eview under this standard is highly deferential, with a presumption in favor of finding the agency action valid." Ohio Valley, 556 at 192 (citing Natural Res. & Def. Council, Inc. v. Envtl. Protection Agency, 16 F.3d 1395, 1400 (4th Cir. 1993).

5 U.S.C. § 706(2) provides six areas where judicial review of an agency action is appropriate, and Plaintiff's allegations, at their core, fall into three of those categories: (1) was the BCNR decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) did Defendant act contrary to Plaintiff's constitutional right of due process; and (3) did Defendant observe the appropriate procedures required by law. The Court will review Plaintiff's allegations within that framework. Ultimately, the Court finds that Defendant's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, did not violate Plaintiff's due process rights, and did not violate BCNR regulations.

a. <u>Whether the BCNR Decision Was Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law</u>

"In determining whether agency action was arbitrary or capricious, the court must consider whether the agency considered the relevant factors and whether a clear error of judgment was made." <u>Ohio Valley</u>, 556 F.3d at 192. Part and parcel of this analysis, the Court must determine whether the agency's decision was supported by substantial evidence. <u>Mickens v. United States</u>, 760 F.2d 539, 541 (4th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Universal Camera Corp. v. Nat'l Labor Relations Bd.</u>, 340 U.S. 474, 477 (1951). Additionally, an agency's decision "must be set forth with such clarity as to be understandable." <u>Securities & Exchange Commission v. Chenery Corp.</u>, 332 U.S. 194, 196–97 (1947). Court are not to guess at the agency's basis for its decision where what the agency has provided is vague and indecisive. <u>Id.</u>

Here, the agency action challenged is Defendant's denial of Plaintiff's request to correct his military records—specifically, upgrade his discharge characterization—which Defendant denied on April 18, 2012, September 2, 2014, and September 22, 2015 after remand from this Court. The Secretary of the Navy "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1) (2015). "A board for correction of military records may decline to make a correction 'if it determines that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice.'" <u>Powe v. Sec'y of Navy</u>, 35 F.3d 556 (4th Cir. 1994) (quoting 32 C.F.R. § 723.3(e)(2) (1993)).

Plaintiff contends that Defendant's decision here was not supported by substantial

evidence, but a review of the administrative record reveals that Defendant's decision clearly was supported by substantial evidence and was not arbitrary, capricious, or an abuse of discretion. Plaintiff argues that Defendant did not adequately consider positive information from Plaintiff's service records, specifically Plaintiff's proficiency ratings. (Doc. No. 12-1 at 7–8). First, Defendant is only required to provide "a brief statement of the grounds for denial." 32 C.F.R. 723.3(e)(3) (2017). Nowhere do the regulations require specific mention of every fact considered or any and every positive fact. In fact, the focus of 32 C.F.R. 723.3(e)(4) is on providing "reasons for the determination that relief should not be granted" and "all the essential facts upon which the denial is based."

Second, the BCNR decision states that it considered the entire record, including Plaintiff's naval record and "all potentially mitigating factors." (A.R. at 2). The decision even listed each of Plaintiff's arguments that it considered and explained that Plaintiff's arguments did not outweigh Plaintiff's repeated misconduct. (Id. at 2–3). The courts have recognized that Defendant's explanation need not be explained "in great detail." Peoples v. United States, 87 Fed. Cl. 553, 569 (2009) (citing Bray v. United States, 515 F.2d 1383, 1391 (Ct. Cl. 1975)). Court will even uphold decisions of "less than ideal clarity" if the decisionmaker's "path may be reasonable discerned . . . ." Id. Nevertheless, the decision contained adequate clarity, stating what arguments and factors the BCNR considered and not leaving the Court's review of Defendant's basis to conjecture.

Third and most importantly, this is a case where there can be little doubt that the agency's decision was supported by substantial evidence, which was clearly presented in the BCNR's final decision. Plaintiff was discharged from the Marine Corps after four NJPs and a summary court martial conviction for marijuana use, all in a less-than-three-year time period and all of which the

BCNR discussed in its decision. (Id. 1–2). Plaintiff does not deny that he committed any of this misconduct. Plaintiff's other than honorable discharge was not controversial under the circumstances. The Marine Corps Separation and Retirement Manual states that when a Marine is involved in misconduct, "[c]haracterization of service normally shall be under other than honorable conditions." (Id. at 79). And in Plaintiff's case, a characterization more favorable than other than honorable could only have been accomplished with the approval of the Commandant of the Marine Corps, the highest ranking officer in the Marine Corps. (Id. at 80).

Plaintiff's argument that his naval record, including a promotion and his proficiency scores, was not adequately considered does not rebut the substantial evidence upon which Defendant relied. Nor do Plaintiff's arguments that the sole basis for his other than honorable discharge was his marijuana-use conviction, he was not informed about changes to Marine Corps policy, there were subsequent changes to the Marine Corps' drug-use policy, improper information was provided to Plaintiff's commanding officer regarding discharge characterization options for Plaintiff, and Plaintiff's stress from service in a combat situation caused his marijuana use.[2] See (Doc. No. 12-1 at 15). While the BCNR should have and did consider these arguments in light of the evidence presented, (A.R. at 2–3), it is not the Court's job to reweigh and reevaluate the evidence de novo. Furthermore, as Defendant convincingly argues, even if Plaintiff's factual allegations regarding the events surrounding his discharge are true, under Marine Corps policy, they would not have had an effect on his discharge such that it would result

---

[2] Plaintiff also argues that there is no evidence that the commanding general ever approved Plaintiff's other than honorable discharge. (Doc. No. 12-1 at 8). This argument does not seem grounded in reality as the record contains evidence that the discharge was approved. (A.R. at 129). Moreover, the rule of regularity supports the assumption that the commanding general did approve Plaintiff's other than honorable discharge because Plaintiff did not present substantial evidence to the contrary. 32. C.F.R. § 723.3(e)(2).

in a higher characterization. See (Doc. No. 19 at 8–13). Plaintiff's repeated misconduct and interaction with military authority in a short period of time provided substantial evidence for Defendant to conclude that there was not an error or injustice that required correcting Plaintiff's military records.

      b. <u>Whether Defendant Acted Contrary to Plaintiff's Due Process Rights</u>

To establish a procedural due process claim, a plaintiff must first identify a liberty or property interest of which he has been deprived. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 332 (1976). Procedural due process applies to administrative offices act in a way that involves a person's liberty. <u>Joint Anti-Fascist Refugee Comm. v. McGrath</u>, 341 U.S. 123, 161 (Frankfurter, J. concurring). And while "some state and federal administrative procedures are summary by reason of necessity or history . . . where the State attaches 'a badge of infamy' to the citizen, due process comes into play." <u>Wisconsin v. Constantineau</u>, 400 U.S. 433, 436–37 (1971); <u>see also</u> <u>Cafeteria & Rest. Workers Union, Local 473, AFL-CIO v. McElroy</u>, (367 U.S. 886, 894–95).

Plaintiff has not alleged any specific liberty or property interest of which he was denied, and indeed, none exists. In discharge cases such as this one, two interests are potentially invoked—a liberty interest in a one's good name, reputation, honor, or integrity and a property interest in one's employment. <u>See</u> <u>Guerra v. Scruggs</u>, 942 F.2d 270, 277–78 (4th Cir. 1991). Addressing the latter first, Plaintiff does not have a property interest in his continued employment with the Navy. 10 U.S.C. § 1169(1) provides for the discharge of enlisted members of the armed forces before their term of service expires "as prescribed the Secretary concerned." <u>See</u> <u>Guerra</u> 942 F.2d at 277 ("The language of the statute, particularly subsection (1), shows that the Army has discretion to discharge enlisted personnel and that [Plaintiff] has no property interest."); <u>Spadone v. McHugh</u>, 842 F. Supp. 2d 295, 304 (D.D.C. 2012) ("There is no protected

property interest in continued military service.") (citation omitted); see also Sims v. Fox, 505 F.2d 857, 861–62 (5th Cir. 1974), cert. denied, 421 U.S. 1011 (1975).

Second, Plaintiff does not have a liberty interest which has been denied. While Plaintiff does have a liberty interest in his "good name, reputation, honor, or integrity," Defendant did not deprive Plaintiff of that interest. Constantineau, 400 U.S. at 437. Despite Plaintiff's other than honorable discharge, which may impugn his good name, Plaintiff does not show, indeed has made no attempt to show, that Defendant's charges are untrue—"a critical element" to Plaintiff's due process claim. Guerra, 942 F.2d at 278 ("A critical element of a claimed invasion of a reputational liberty interest . . . is the *falsity* of the government's asserted basis for the employment decision at issue.") (emphasis in original) (quoting Doe v. Garrett, 903 F.2d 1455, 1462–63 (11th Cir. 1990)); see also Vaugh v. Danzig, 18 Fed. App'x 122, 124 (4th Cir. 2001) (holding that the Secretary of the Navy did not violate Plaintiff's liberty interest where Plaintiff did not show that the statements relating to his discharge were false); Rich v. Sec'y of Army, 735 F.2d 1220, 1227 (10th Cir. 1984); Sims, 505 F.2d at 864.

Thus, Plaintiff has neither a liberty nor property interest which Defendant has denied. Accordingly, Plaintiff's charges of an insufficiently clear decision, consideration of evidence that created unfair prejudice, and consideration of information Plaintiff was not able to review do not raise a plausible due process violation as a matter of law.[3]

---

[3] Even if Plaintiff was able to show a property or liberty interest which Defendant denied, his claim would still fail as a matter of law. "[A]ll due process requires is notice and an opportunity to be heard." Alberico v. United States, 783 F.2d 1024, 1027 (Fed. Cir. 1986) (citing Cleveland Bd. of Educ. V. Loudermill, 470 U.S. 532, 545 (1985)). Plaintiff received notice of his discharge, the opportunity to consult counsel and have a hearing, and expressly waived those rights.

### c. Whether Defendant Observed Procedure Required by Law

"A court may decide whether the military has complied with procedures set forth in its own regulations because those procedures by their nature limit the military's discretion." Fisher v. United States, 402 F.3d 1167, 1177 (Fed. Cir. 2005) (citing Murphy v. United States, 993 F.2d 871, 873 (Fed. Cir. 1993)). Here, Defendant followed all applicable procedures and did not abuse his discretion.

Plaintiff's complaint alleges that Defendant violated its own regulations, including 32 C.F.R. § 723.3 in how it addressed Plaintiff's argument and evidence and by failing to address Plaintiff's arguments and evidence. Under 32 C.F.R. § 723.3(e)(3), the BCNR must put its decision "in writing and include a brief statement of the grounds for denial" if it denies relief without a hearing. Specifically, the statement:

> shall include the reasons for the determination that relief should not be granted, including the applicant's claims of constitutional, statutory and/or regulatory violations that were rejected, together with all the essential facts upon which the denial is based, including, if applicable, factors required by regulation to be considered for determination of the character of and reason for discharge.

Id. § 723.3(e)(4). Defendant did this, stating that a three-member panel of the BCNR reviewed his request in executive session and providing a three-page letter explaining the reasons for which it denied Plaintiff's request. (A.R. at 1–3). The letter discussed, among other things, Plaintiff's four NJPs in less than three years and his conviction by summary court-martial for use of marijuana. (Id. at 1–2). The letter also mentioned multiple counseling sessions Plaintiff received for frequent involvement with military authorities. (Id. at 2). Moreover, the letter explained that the BCNR considered Plaintiff's arguments regarding:

> (a) Errors that occurred during your discharge processing and the effect they had on the presumption of regularity, (b) the commanding officer's failure to specify the characterization of service for which you were being recommended for discharge, (c) failure to advise you of the Marine Corps' changing policies

regarding the illegal use of drugs and the effect these changes had on your discharge, and (e) how your misconduct was effected by serving in a combat zone.

(Id. at 3). The letter also stated that the BCNR considered "the effect of [Plaintiff's] combat zone stress." (Id.). Nevertheless, the BCNR ultimately concluded that these factors did not warrant relief because of "the seriousness of [Plaintiff's] repetitive misconduct, which included drug abuse, and because there is sufficient evidence in the record that is contrary to your allegations and/or complaints." (Id.). In short, Defendant abided by the regulations by issuing a written statement that stated the grounds for denial, including the essential facts and Plaintiff's claims that were rejected. Plaintiff may have preferred a more detailed explanation of Defendant's decision but the law did not require one.

Plaintiff also contends that Defendant improperly considered certain documents, which were unfairly prejudicial and which Plaintiff did not have an opportunity to address. (Doc. No. 12-1 at 9–11). The documents BCNR did not provide to Plaintiff include five pages of discharge-processing documents, a summary prepared by BCNR staff, and Plaintiff's motion for attorney fees related to the prior proceeding in this Court. (Doc. No. 12-1 at 9, 11). Plaintiff asserts that consideration of these documents violated his due process rights, but also that it violated 32 C.F.R. §§ 723.2 and 723.6(a)(2) because review of these documents essentially was BCNR conducting its own investigation and further because the BCNR did not give Plaintiff an opportunity to respond to the documents. But, Plaintiff's arguments involve a very tenuous interpretation of the law and Defendant's behavior. The regulations Plaintiff relies on state that the BCNR is not an investigative body and provides a mechanism for obtaining additional evidence from the Plaintiff—they do not limit the BCNR review to only documents provided by Plaintiff, nor do they preclude the BCNR from drafting documents as part of its review and decision. Regarding the summary sheet which was not provided to Plaintiff during the BCNR's

review of his request, it is an administrative document that the BCNR is not required to produce to Plaintiff nor give Plaintiff an opportunity on which to comment. 10 U.S.C. § 1556(b)(4). The summary sheet also only contains information available elsewhere in the record. (Doc. No. 19 at 17). The inadvertent preclusion of the summary sheet from Administrative Record was insubstantial and remedied by the filing of a supplemental administrative record. (Doc. Nos. 19 at 17 n.9; 22 at 3–4).

Additionally, largely because some of these documents were not provided to Plaintiff or as part of the initial Administrative Record Plaintiff argues that he is entitled to additional discovery and that the case is not ripe for adjudication because the Administrative Record is not complete. (Doc. No. 12-1 at 15–17). The Court does not agree. Since Plaintiff filed his Motion for Summary Judgment, Defendant sought leave to file a supplemental administrative record, which was granted. (Doc. Nos. 20–22). The Supplemental Administrative Record is a 38-page document consisting of documents primarily related to the Court's remand in the prior proceeding, including Plaintiff's complaint and his motion for attorney fees, all of which were forwarded to BCNR by counsel for Defendant in light of the remand. (Doc. Nos. 19 at 17; 20 at 2; 22). Defendant filed the supplemental record despite its contention that the Administrative Record was complete already. (Doc. No. 20 at 1–2). Defendant has also represented that the supplemental administrative record contains the "only evidence not a part of the filed Administrative Record that the BCNR considered on remand." (Doc. No. 19 at 17). Finally, Defendant notes that the substantive documents in the supplemental administrative record were already filed with the Court and in Plaintiff's possession. (Id.).

Plaintiff argues that he and the Court can still not be sure that the record is complete and that additional discovery is needed regarding, among other things, the members of the panel who

denied his request and possible conflicts they may have had. (Doc. No. 23 at 4–5). The Court is convinced that the record is complete and that the additional discovery requested by Plaintiff is outside the scope of his complaint and the Administrative Record, which is the scope of this Court's review. Plaintiff's request for additional discovery is denied.

Thus, it does not appear to the Court that any procedural violations occurred. Regardless, the alleged violation of these rules in this case, though none appears, would not render Defendant's decision arbitrary, capricious, or an abuse of discretion. It is clear from the September 22, 2015 letter that Defendant, through the BCNR, conducted a thorough, well-reasoned analysis of Plaintiff's claims of material error and injustice before concluding that a discharge upgrade was not warranted—a conclusion that was supported by substantial evidence.

In light of the discussion and conclusions above, Plaintiff's request for the Court to change the character of his discharge is denied. After careful review of the parties' briefs, exhibits, and the Administrative Record, the Court finds that Defendant's September 22, 2015 decision to deny Plaintiff's request for a discharge upgrade is supported by substantial evidence and not arbitrary or capricious. Furthermore, Defendant acted in accordance with law, including BCNR regulations, and did not abuse his discretion or violate Plaintiff's due process rights.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**;
2. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**; and
3. The Clerk of the Court is directed to close the case.

Signed: March 29, 2017

Robert J. Conrad, Jr.
United States District Judge